## No. 4109.

### JUREY & HARRIS v. MRS. MARY J. HORD et als.

Where it is admitted that the money claimed by plaintiffs was given to the defendant and her two children, and that by the act of their merchants and factors, the garnishees in this case, said money was placed to the sole credit of their mother, the defendant;

Held—That this act did not divest the right of her children, the intervenors in this proceeding, and did not make the money garnisheed the sole property of defendant. There was no such confusion or mingling as affected the rights of the intervenors.

APPEAL from the Fourth District Court, parish of Orleans. *Theard, J. Semmes & Mott,* for plaintiffs and appellees. *Hunton, Grover & Bemiss,* for intervenors and appellants. *A. Robert,* curator *ad hoc,* for absent defendants.

HOWELL, J. The intervenors in this case have appealed from a judgment dismissing their intervention, in which they claimed the funds attached herein by plaintiffs as belonging to the defendant.

"It is admitted that the money attached in this suit was in the name of Mrs. Mary J. Hord, on the books of Joseph Hoy & Co. (garnishees), and that Mrs. Mary J. Hord received the same from Mrs. Eliza Askew, her mother, who gave it to Mrs. Hord and her two children (the intervenors), to defray the expenses of the Cold Spring plantation, for the year 1870."

"It is admitted that Mrs. Hord is the administratrix of the estate of her former husband, and that she and her two children, Lizzie and Andrew Jackson, are the owners of the Cold Spring plantation, Washington county, Mississippi." The suit of plaintiffs is not for supplies for the year 1870, and hence no question as to any liability of intervenors therefor arises. Nor is there any force in the position of plaintiffs, that "if the intervenors had any interest in the money, it was lost when it became confused with the money of the defendant; it could no longer be identified; and when it was deposited by Mrs. Hord

30

in her own name with the garnishees, it became subject to her debts and to seizure by her creditors."

The admission is, that the money was given to the mother and two children, and the act of the merchants, the garnishees, in placing it all to the credit of one, did not divest the right of the other two, and make it the sole property of the one. There was no confusion or mingling which affected the rights of the intervenors, and by other evidence the said sum of money belonged in equal parts to the three. Hence the intervenors are entitled, under the foregoing facts, to recover two-thirds thereof. Mrs. Hord has not appealed from the judgment against her. We understand from the record and the briefs, that the sum of $3531, in the hands of the garnishees, is the matter in controversy.

It is therefore ordered that the judgment dismissing the intervention herein be reversed, and that the intervenors, Lizzie and Andrew Jackson, be decreed entitled to two-thirds of the sum of $3531, in the hands of Joseph Hoy & Co., garnishees, with their costs in both courts.